IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Lori L. Oney and
Robert A. Oney,
     Plaintiffs,

v.                                   Case No. 19-CV-680-LA

Assured Recovery LLC and
Marine Credit Union,

     Defendants.

## Joint Report of Parties' 26(f) Discovery Plan

The following attorneys anticipate appearing at the **Rule 16 conference scheduled on August 5, 2019 at 11:00 a.m.** (Central Time) and request that the court call them at the numbers below. The parties, through counsel, submit the following FRCP 26(f) Discovery Plan.

The following persons participated in two 26(f) conference – on July 18, 2019 and July 19, 2019, by telephone:

| Counsel | Phone No. | Party Represented |
|---|---|---|
| DeVonna Joy | 262-662-3982 | Plaintiffs Lori & Robert Oney |
| Alec Trueblood | 310-443-4139 | Plaintiffs Lori & Robert Oney |
| William Ehrke | 414-290-7551 | Defendant Assured Recovery |
| Joseph Peltz | 414-390-5936 | Defendant Marine Credit Union |

### Discovery plan Under Fed. R. Civ. P. and Civil L.R. 26

A.     *Automatic Disclosures*:

**Plaintiffs' Position:**  The plaintiffs propose 26(a)(1) disclosures required by Fed. R. Civ. P. 26(a)(1) should be made by August 2, 2019, 14 days after their second 26(f) conference.

**Defendant Assured Recovery's Position:**  Defendant Assured Recovery suggests that all parties make their initial disclosures 14 days after the August 5 Scheduling Conference, or on or before August 19, 2019.

**Defendant Marine Credit Union's Position**: Marine has filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction.  The Motion seeks dismissal of all claims against Marine.  The only claims asserted against Marine are state law claims. Accordingly, it is Marine's position that it should not be required to serve initial disclosures unless its Motion is denied.  If the Motion is denied, Marine proposes to serve initial disclosures 14 days after the Court's decision on the Motion.

B.     *Discovery Scope and Schedule*:  This case is brought under the Fair Debt Collection Practices Act, Wisconsin Consumer Act, and other state law claims.

**Plaintiffs' position**:   The parties should take discovery on all topics related to all claims, defenses and damages.

**Defendant Marine Credit Union's Position:** In light of Marine's pending Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Marine should not be required to

2

participate in discovery until the Court rules on Marine's Motion. If Marine is served with discovery prior to the Court ruling on Marine's Motion, Marine will seek a protective order from the Court.

### *Proposed Scheduling Order*

Upon the decision of the Court on defendants' motions to dismiss, the parties suggest the following scheduling order:

1.   **Amendment to pleadings:**   60 days from the Court's decision on the pending motions to dismiss.

2.   **Deadline for expert witness identification and expert reports for all parties:**  The parties request 90 days after the Court's decision on the pending motions to name experts and provide reports, with 90 days after the report of experts for identification and reports of rebuttal expert witnesses.

3.   **Close of discovery**: 240 days (8 months) from the Court's decision on the pending motions.

4.   **Dispositive Motions:** The parties suggest that the deadline for dispositive motions to be filed be no later than 60 days after the close of discovery. (Defendants have both filed Motions to Dismiss for Lack of Subject-Matter Jurisdiction, which are pending.)

The parties are not requesting discovery to be limited, done in phases, or focused on particular issues.

C. *Electronic Information:* **This case will involve electronically stored information. The parties have considered the accessibility, burden and expense of electronically storied information. As with all other discovery, the parties agree to preserve electronically-stored information from alteration or destruction. The parties have agreed to produce hard (paper) or PDF copies of ESI initially and will either resolve the need for any underlying data at the time such issues arise or will bring unresolved issues to the Court by motion. The parties are not aware of any issues requiring the Court's attention regarding ESI at this time.**

D. *Issues Regarding Privilege and Protection of Trial Preparation Materials*: **The parties discussed preserving discoverable information, including electronically stored information and have agreed to do so. Defendants agree to retain all documents (including electronically-stored documents) pertaining to plaintiffs to preserve information about plaintiffs in this case. The parties do not contemplate any special procedure is necessary and are not asking the court for an order in this case.**

E. *Changes/Limitations on Discovery:* **No changes on the limitations on the number of written discovery requests are contemplated. The parties do not anticipate that any depositions may exceed the 7 hour limitation. The parties do not propose that other limitations be imposed.**

**Defendant Marine Credit Union's Position:** In light of Marine's pending Motion

4

to Dismiss for Lack of Subject-Matter Jurisdiction, Marine should not be required to participate in discovery until the Court rules on Marine's Motion. If Marine is served with discovery prior to the Court ruling on Marine's Motion, Marine will seek a protective order from the Court.

F. *Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c)*: **The parties may request a Rule 26(c) Protective Order for certain confidential, proprietary, or trademarked material requested in discovery. The parties will confer and make diligent efforts to draft a Joint Stipulation of Protective Order for submission to the court, if needed.**

G. *Other: Settlement/Neutral Evaluation:* **The parties are interested in exploring settlement and will try to settle the case themselves and may engage in mediation if it appears this will be necessary. The parties are in general agreement to try to use Emile Banks as a mediator. However, the parties expect to exchange documents and take some depositions prior to mediation.**

### Local Rules Civil L.R. 16(a) Pretrial Conference Considerations

A. *The nature of the case in 1 or 2 sentences*:

**Consumer plaintiffs (husband and wife) sued repossession company and finance company following an involuntary repossession of a vehicle, claiming a breach of peace and illegal repossession and violations of law regarding notices to them. Defendants deny all wrongdoing.**

5

*B. Any contemplated motions:* **One or more of the parties may file dispositive motions. There are motions to dismiss for lack of subject-matter jurisdiction pending.**

*C. The parties' discovery plan, including the amount of further discovery each party contemplates, the approximate time for completion of discovery, and any disputes regarding discovery;* **Addressed above in Part B and the Proposed Scheduling Order.**

*D. Whether the parties anticipate the disclosure or discovery of electronically stored information;* **This case will involve electronically stored information. The parties have considered the accessibility, burden and expense of electronically storied information. As with all other discovery, the parties agree to preserve electronically-stored information from alteration or destruction. The parties have agreed to produce hard (paper) or PDF copies of ESI initially and will either resolve the need for any underlying data at the time such issues arise or will bring unresolved issues to the Court by motion. The parties are not aware of any issues requiring the Court's attention regarding ESI at this time.**

*E. Whether the parties have reached an agreement for asserting post-production claims of privilege or of protection as trial preparation material, and whether the parties request the judge to enter an order including the agreement;* **The parties are not requesting that at this time.**

6

*F.  Whether settlement discussions have occurred;*  **Formal settlement discussions have not yet begun, but the parties anticipate doing so and have tentatively agreed on a mediator (Emile Banks) if they cannot settle the case themselves.**

*G.   The basis for the Court's subject matter jurisdiction;*  **It is plaintiffs' position that jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and that supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Defendants have filed motions to dismiss for lack of subject matter jurisdiction, which are pending.**

*H.  Whether the case is included in one of the categories of proceedings exempted from initial disclosures and discovery conference pursuant to Fed. R. Civ. P. 26(a)(1)(B) and 26(f); appeals for review on an administrative record are exempted from (C), (D) and (E) above;*  **Not applicable.**

*I.  Such other matters as may affect further scheduling of the case for final disposition.*  **Nothing contemplated by the parties at this time.**

Dated this 19th  day of July, 2019.

Attorney For Plaintiff
____/s/_____
DeVonna Joy

Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
(262) 662-3982
Tele:  262- 662-3982

7

E-mail: consumerjustice@wi.rr.com
or djlaw@wi.rr.com

Attorney For Plaintiff

____/s/_____

Alexander Trueblood

Trueblood Law Firm
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Telephone: 310-443-4139
Facsimile: 310-943-2255
E-mail: alec@hush.com

Attorney For Defendant
Assured Recovery LLC

_____/s/_____

William W. Ehrke

Crivello Carlson, S.C.
710 N. Plankingon Avenue
Milwaukee, WI 53202
Tele: 414-271-7722
Fax: 414-271-4438
E-mail: wehrke@crivellocarlson.com

Attorney For Defendant
Marine Credit Union

____/s/_____

Joseph Peltz

Beck, Chaet, Bamberger & Polsky, S.C.
Two Plaza East, Suite 1085
330 E. Kilbourn Avenue
Milwaukee, WI 53202
Phone: (414) 273-4200
Fax: (414) 273-7786
E-mail: JPeltz@bcblaw.net

8