# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LORI L. ONEY and
ROBERT A. ONEY,
        Plaintiffs,

v.                                                                   Case No. 19-C-680

ASSURED RECOVERY LLC and
MARINE CREDIT UNION,
        Defendants.

## ORDER ON MOTIONS TO DISMISS STATE CLAIMS

On June 17, 2019, Defendants Assured Recovery LLC ("Assured Recovery") and Marine Credit Union each filed motions to dismiss Wisconsin state law claims for lack of subject matter jurisdiction. ECF No. 16; ECF No. 19. I deny Defendants' motions for the reasons stated below.

### I. BACKGROUND

This action stems from the repossession of a car belonging to Plaintiffs Lori Oney and Robert Oney. *See* ECF No. 1 at ¶¶ 9-30. On May 9, 2019, Plaintiffs filed a complaint against Marine Credit Union, an institution the Plaintiffs engaged to refinance their purchase of the car, and Assured Recovery, which Plaintiffs allege acted as an agent of Marine Credit Union in the repossession of the car. *See id.* at ¶¶ 4-8. In their complaint, Plaintiffs raise five claims: (1) Violation of the Fair Debt Collection Practices Act ("FDCPA") against Assured Recovery; (2) Illegal repossession and debt collection under Wisconsin law against both Defendants; (3) Civil theft under Wisconsin law against both Defendants; (4) Conversion under Wisconsin law against both Defendants;

and (5) Breach of the peace under Wisconsin law against Marine Credit Union. *Id.* at ¶¶ 31-55. In their respective motions, Defendants argue that I should decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c).

## II.  DISCUSSION

### A. Standard of review

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The district courts shall have supplemental jurisdiction over all other claims that are *so related to claims in the action within such original jurisdiction that they form part of the same case or controversy* under Article III of the United States Constitution. 28 U.S.C. § 1367(a) (emphasis added). Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. *Id.* The district courts **may** decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

**B. Federal question jurisdiction**

Though neither Defendant challenges federal question jurisdiction, I raise the issue because it is "the obligation of the district court… to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)).

Because Plaintiffs allege violations of the FDCPA, subject matter jurisdiction initially appears appropriate over this action pursuant to the general federal question statute, 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d). Plaintiffs' FDCPA claim is only against the repossessor, Assured Recovery. ECF No. 1 at ¶¶ 31-35. This is notable because, generally, the FDCPA "regulates the practices of 'debt collectors,' a term that is defined as excluding repossessors and other enforcers of security interests" under 15 U.S.C. § 1692a(6). *Nadalin v. Auto. Recovery Bureau, Inc.*, 169 F.3d 1084, 1085 (7th Cir. 1999). However, under the FDCPA, "a repossessor may not take or threaten to take nonjudicial action to dispossess a person of property if 'there is no present right to possession of the property claimed as collateral through an enforceable security interest.' " *Id.* (quoting 15 U.S.C. § 1692f(6)(A)). Where a plaintiff alleges a § 1692f(6) violation, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Hunte v. Safeguard Properties Mgmt., LLC*, 2017 WL 5891060, at *3 (N.D. Ill. Nov. 27, 2017), *reconsideration denied*, 2018 WL 2063914 (N.D. Ill. May 3, 2018) (quoting 15 U.S.C. § 1692a(6)). In this instance, a repossessor is not excluded from the statute. *See Nadalin*, 169 F.3d at 1085.

3

In their complaint, Plaintiffs allege that Assured Recovery is a "debt collector" which used "instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests." ECF No. 1 at ¶ 6. Plaintiffs further allege that Assured Recovery violated § 1692f(6). ECF No. 1 at ¶ 33. Defendants do not dispute any of this at this stage. On its face, Plaintiffs allege a complaint sufficient to implicate federal question jurisdiction.

## C. Same case or controversy under § 1367(a)

The question I must consider now is whether the Plaintiffs' federal claim and state claims form part of the same case or controversy. Neither Defendant has disputed that the supplemental claims form part of the same case or controversy. *See* ECF No. 17 at 5; ECF No. 20 at 4. Again, I consider this jurisdictional issue *sua sponte*.

A district court has supplemental jurisdiction over state claims under § 1367(a) if the state claims "derive from a common nucleus of operative fact" with the original federal claim(s). *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (citing *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 500 (7th Cir.1999)). A loose factual connection is generally sufficient. *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir.1995)).

Here, it is apparent that the claims at issue form part of the same case or controversy or, otherwise put, derive from a common nucleus of operative fact. All five of Plaintiffs' claims arise from the same, specific event: the allegedly unlawful acts in the repossession of Plaintiffs' car by Assured Recovery at the behest of Marine Credit Union. The fact that Marine Credit Union is subject to four state law claims and no federal claim is no obstacle to exercising supplemental jurisdiction over Marine Credit

Union where the state law claims are part of the same case as the jurisdiction-invoking claim. *See* 28 U.S.C. § 1367(a) ("Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."). *See also* Wright & Miller, et al, 13D Federal Practice and Procedure § 3567.1 (3d ed.). These claims are all closely related and therefore supplemental jurisdiction of the state claims under § 1367(a) is appropriate.

**D. Discretionary factors to decline supplemental jurisdiction under § 1367(c)**

I find no compelling reason for declining to exercise supplemental jurisdiction under subsections (c)(1), (c)(3), or (c)(4). Plaintiffs' state law claims present no novel or complex issues of state law that would be best reserved for adjudication in Wisconsin courts. Subsection (c)(3) is inapplicable, as I have not dismissed Plaintiffs' FDCPA claim. Nor can I discern any exceptional circumstance or compelling reason to justify declining supplemental jurisdiction under subsection (c)(4). § 1367(c)(2) is the only applicable provision where there is reasonable dispute.

The district courts may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if the claim *substantially predominates* over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(2) (emphasis added). Defendants point to a decision from the Middle District of Florida where the court, on similar facts to ours, declined to exercise supplemental jurisdiction over state law claims brought alongside a consumer's FDCPA claim against a debtor and repossessor for an allegedly unlawful repossession of the consumer's car. *See Wright v. Santander Consumer USA, Inc.*, 2018 WL 2095171 (M.D. Fla. May 1, 2018). The *Santander Consumer* court remanded Plaintiff's state law claims for violations of the

UCC, trespass to chattels, equitable relief under the UCC, equitable relief under common law, conversion, replevin, and assault, finding that the state claims predominated. *Id.* at *7. The court also stressed that these claims would require proof "distinctly different" from Plaintiff's FDCPA claim and a "substantial risk of jury confusion." *Id.*

Courts assessing § 1367(c)(2) questions have considered whether there is overlap between state and federal claims. *See, e.g., Grove Holding Corp. v. First Wisconsin Nat. Bank of Sheboygan*, 803 F. Supp. 1486, 1509 (E.D. Wis. 1992) (federal RICO claim's reliance on state law claims suggested appropriateness in addressing both federal and state claims in one action); *Shields v. Illinois Dep't of Corr.*, 2011 WL 494199, at *2 (N.D. Ill. Feb. 7, 2011) (differing standards of proof outweighed by fact that evidence that will be offered to prove and rebut will be the same); *Fowler v. Evansville Convention & Visitors Bureau*, 2010 WL 4291298, at *4 (S.D. Ind. Oct. 22, 2010) (denying 1367(c)(2) motion where federal and state claims were "inextricably related and intertwined"); *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, 2014 WL 292578, at *7 (N.D. Ill. Jan. 23, 2014) (exercising jurisdiction over state claims where plaintiff would have to bring parallel state court suit involving "significant amount of evidentiary overlap"). If presentation of the original and supplemental claims will overlap substantially at trial, supplemental jurisdiction "usually will realize economy and efficiency by resolving in one proceeding both the original and the supplemental claim[s]." Wright & Miller, et al, 13D Federal Practice and Procedure § 3567.3 (3d ed.). *See also Bartoli v. Applebee's Rest.*, 2001 WL 40798, at *2 (N.D. Ill. Jan. 17, 2001) (gross waste of resources to litigate the same factual issues in two separate fora);

*Wagner v. Bank of Am., N.A.*, 2012 WL 6586347, at *2 (S.D. Ill. Dec. 17, 2012) (one judicial proceeding consideration is critical).

While the *Santander Consumer* decision put forward by Defendants may be justified on its own circumstances, I find that, if anything, it differs from our case. Specifically, the plaintiff in that action appears to have brought far more separate state law claims that dwarfed the FDCPA claim and demanded substantial differences in proof. In contrast, the state law claims in our case are intertwined and interrelated with the federal FDCPA claim, particularly with regard to Plaintiffs' second and fifth claims. *See* ECF No. 1 at ¶¶ 39-43 ¶¶ 52-55. This is the nature of the claim that Plaintiff is bringing under 15 U.S.C. § 1692f(6); in FDCPA cases, "[c]ourts presented with the issue of determining whether a repossession agency has violated § 1692f(6) look to the applicable state self-help repossession statute which identifies the circumstances under which an enforcer of a security interest does not have a present right to the collateral at issue." *Gable v. Universal Acceptance Corp. (WI)*, 338 F. Supp. 3d 943, 949 (E.D. Wis. 2018) (quoting *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F.Supp.2d 674, 679 (E.D. Mich. 2010)). *See also Bednarz v. Lovald*, 2016 WL 6304705, at *2 (E.D. Wis. Oct. 27, 2016) (Wis. Stat. § 425.206(2) prohibits breach of peace during self-help repossession and "whether a debt collector has a right to possession of property under § 1692f(6)… depends on the applicable state self-help repossession statute.").

This means that Plaintiffs' FDCPA claim cannot be determined on its own; applicable state claims must be resolved *as part of the federal claim*. State claims do not substantially predominate where they are so intertwined with a federal claim.

7

Plaintiffs' additional claims for civil theft and conversion do not destroy this presumption, particularly where evidence derived from the "common nucleus of operative fact" is not likely to differ significantly. Further, if I were to dismiss the state law claims, the remaining FDCPA claim would have to be adjudicated using substantially the same evidence as would be required for a concurrent state proceeding on the dismissed claims. Such duplicative litigation would be a gross waste of judicial resources. Finally, I note that, less than a year ago, a court in this district exercised supplemental jurisdiction in a similar car repossession dispute with a single FDCPA claim and numerous additional state law claims for violations of the Wisconsin Consumer Act, conversion, property damage, illegal nonjudicial repossession, unconscionable behavior, and false imprisonment. *See Gable*, 338 F. Supp. 3d at 948.

Accordingly, I will not exercise my discretion to decline supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c), and I deny both motions.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction are **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2019.

s/Lynn Adelman
_____
LYNN ADELMAN
District Judge